Milen Mirchev MITEV, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–77147.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.[*]

Filed March 1, 2007.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher J. Stender, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

Before: KOZINSKI and TROTT, Circuit Judges, and MOLLOY **, District Judge.

### MEMORANDUM ***

The parties are familiar with the facts of this case so we recount them only as necessary.

We deny the petition for review. Mitev did not meet his burden of showing that he was persecuted "on account of" his status as a Gypsy or Roma in Bulgaria. *Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir.1997). To qualify as a "refugee" under the Immigration and Nationality Act, Mitev must prove that the persecution he endured was based upon race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Substantial evidence supports the BIA's determination that Mitev did not establish a nexus between his harsh treatment in Bulgaria and his status as a Gypsy. Furthermore, Mitev's admitted ability to safely relocate within Bulgaria makes him ineligible for asylum. *Kaiser v. Ashcroft,* 390 F.3d 653, 659 (9th Cir.2004). Because petitioner failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir.1993). Similarly, that petitioner could safely relocate within Bulgaria makes him ineligible for CAT relief. 8 C.F.R. § 208.16(c)(3).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Mitev's Fifth Amendment due process argument is flawed as well because he has not shown that any errors in the translation at his hearing had a dispositive effect on the hearing. While the presence of a competent translator is essential to deportation proceedings, the alleged due process violation must make a difference in the outcome of the proceeding. *Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994). Here, the alleged shortcomings of the translation and the failure to provide Mitev with copies of the hearing tapes were not critical to the denial of asylum, withholding of removal, or protection under the CAT.

**PETITION FOR REVIEW DENIED.**